1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  NELSON WYNN,                                    CASE NO. 1:10-cv–02069-AWI-BAM PC

10                     Plaintiff,                  ORDER DISMISSING COMPLAINT, WITH
                                                   LEAVE TO AMEND, FOR FAILURE TO
11         v.                                      STATE A CLAIM

12  A. HEDGPETH, et al.,                           (ECF No. 1)

13                     Defendants.                 THIRTY-DAY DEADLINE

14  _____/

15  **I.      Screening Requirement**

16         Plaintiff Nelson Wynn is a state prisoner proceeding pro se and in forma pauperis in this civil

17  rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint,

18  filed November 8, 2010.

19         The Court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

24         In determining whether a complaint states a claim, the Court looks to the pleading standard

25  under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

26  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

27  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

1 Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2 544, 555, 127 S. Ct. 1955 (2007)).

3 **II.     Complaint Allegations**

4        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

5 ("CDCR") and is incarcerated at the California Institution for Men, Chino.  The incidents alleged

6 in the complaint occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP") and

7 High Desert State Prison ("HDSP").  Plaintiff brings this action against Defendants Hedgpeth,

8 Juarez, Billings, Esparza, Bacerra, Clark, Gebremedhin, and Meza, employed at KVSP; Defendants

9 McDonald and Keating, employed at HDSP; Defendant Foston and fifty unnamed Defendants

10 employed by the CDCR alleging denial of access to the court in violation of the First Amendment

11 and is seeking declaratory and injunctive relief, and compensatory and punitive damages.

12        On May 25, 2008, Plaintiff was placed in protective custody and his property was removed

13 and inventoried by Defendants Meza and Gebremedhin.  On June 3, 2008, Plaintiff was seen by the

14 Institutional Classification Committee ("ICC").  After the hearing Plaintiff asked Defendant Juarez

15 how he could go about getting his legal property returned and Defendant Juarez told Plaintiff that

16 he did not deal with property and Plaintiff needed to talk to someone else.  Plaintiff asked Defendant

17 Becerra for his legal property to be returned to him and Defendant Becerra stated that he would get

18 Plaintiff's property to him when he got to it.

19        On June 7, 2008, Plaintiff told Defendant Clark that he was allowed to possess his legal

20 property and Defendant Clark stated that they had not had time to get to his request.  On June 11,

21 2008, Defendant Becerra acknowledged the receipt of six boxes of property and a television set that

22 belonged to Plaintiff.  On June 12, 2008, Defendant Clark acknowledged the accuracy of the property

23 report.  On June 16, 2008, Defendant Becerra and Esparza came to Plaintiff's cell and Defendant

24 Becerra handed Plaintiff a twelve inch stack of documents.  When Plaintiff objected that there were

25 many more documents, Defendant Becerra stated that they would get to them later.  Plaintiff

26 examined the documents and discovered that the majority of the stack belonged to another inmate.

27 Plaintiff informed Defendant Becerra that the documents did not belong to him and Defendant

28 Becerra stated that he would get back to Plaintiff later.

1    On June 23, 2008, Plaintiff gave Defendant Becerra a list of approximately 6,000 pages of

2 documents that were missing.  Defendant Becerra stated that he would give the list to Defendant

3 Esparza.  Plaintiff sent an inmate request to Defendant Becerra on June 30, 2008.  Plaintiff filed an

4 inmate appeal on June 17, 2008, regarding his missing documents.  Plaintiff also handed Defendant

5 Becerra an inmate appeal, but Defendant Becerra tore it up and told Plaintiff he needed to submit

6 his request to the appeals coordinator.  Plaintiff submitted an inmate appeal and never received a

7 response.

8    On July 28, 2008, Plaintiff submitted a second inmate appeal regarding the lack of response

9 to his prior request and requesting his documents be returned to him.  Defendant Becerra took the

10 inmate appeal and stated that he would submit it to Defendant Esparza.  Later when Plaintiff saw

11 Defendant Esparza he asked her about the appeal.  Defendant Esparza stated that she did not know

12 anything about it, but had located his boxes and only a few legal documents were inside.  Defendant

13 Becerra stated that she would return later with his boxes so Plaintiff could look at what was inside.

14 Plaintiff asked Defendant Esparza about the appeal and asked for it to be returned when Defendant

15 Esparza stated that it was in the program office and she had not given it to Defendant Becerra.

16    On August 12, 2008, Plaintiff filed a third inmate appeal.  On August 13, 2008, Defendant

17 Esparza returned with one box which contained approximately 100 pages of legal documents.

18 Defendant Esparza informed Plaintiff that she had inspected his boxes and there were no legal

19 documents in them.  Plaintiff asked Defendant Esparza to check with the other inmate whose

20 property he had received to see if he had Plaintiff's documents.  Defendant Esparza told Plaintiff that

21 the inmate had transferred to another facility.

22    On September 10, 2008, Plaintiff was interviewed by Defendant Gibbs regarding his inmate

23 appeal.  On October 27, 2008, Plaintiff submitted his appeal for second level review requesting that

24 CDCR pay for the cost of duplicating his 6,000 pages of legal documents.  Plaintiff was interviewed

25 by Defendant Wilson on December 4, 2008, and his appeal was denied.  On April 2, 2009, Plaintiff's

26 appeal was denied at the Director's level.

27    On September 23, 2008, Plaintiff was released to the general population and Defendant Clark

28 gave him three boxes of his property.  When Plaintiff opened the boxes he noticed that items were

1  missing.  Plaintiff informed Officer Ramirez about the missing property and Officer Ramirez was

2  unable to locate it.  Plaintiff sent an inmate appeal to Defendant Gebremedhin and did not receive

3  a response within the allotted time.  Plaintiff sent another copy of the appeal to Defendant Billings,

4  which was screened out because it was a duplicate of an appeal which was pending.

5  Plaintiff mailed two sealed letters to attorneys on October 30, 2008.  On November 17, 2008,

6  Plaintiff was transferred to Salinas Valley State Prison.  On December 11, 2008, Plaintiff received

7  the two letters back and they had been opened outside his presence.  Plaintiff submitted an appeal

8  that KVSP officials were opening his mail outside of his presence.  The appeal was screened out by

9  Defendant Billings because it was a copy and not an original.  The remainder of Plaintiff's complaint

10  sets forth unrelated incidents that occurred at HDSP, which are not properly brought in this division.

11  See 28 U.S.C. § 1391.

12  Plaintiff alleges that due to the documents being lost he was prevented from pursuing viable

13  issues that his appellate counsel was unable or unwilling to raise on direct appeal.  Defendants

14  Hedgpeth and Juarez failed to properly train and supervise employees in the appropriate storage,

15  custody, and distribution of property while an inmate is housed in the administrative segregation

16  unit.

17  Defendants Billings and Hedgpeth denied Plaintiff access to the appeals process by refusing

18  to process his appeals and treat a copy as an original.  Defendants Hedgpeth and Does 1-50 violated

19  Plaintiff's right to access the court by opening his correspondence with the Federal District Court,

20  two letters to an attorney, and a letter from the attorney general outside of his presence.

21  For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

22  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

23  described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff

24  with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the

25  standards and amend only those claims that he believes, in good faith, are cognizable.

26  **III.    Discussion**

27  **A.    Linkage Requirement**

28  Under section 1983, Plaintiff must demonstrate that each defendant personally participated

1   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

2   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

3   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

4   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

5   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

6   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

7   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

8   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

9   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

10   **B.    Causation**

11          "Direct, personal participation is not necessary to establish liability for a constitutional

12   violation." Wong v. United States, 373 F3d 952, 966 (9th Cir. 2004). "'The requisite causal

13   connection can be established . . . also by setting in motion a series of acts by others which the actor

14   knows or reasonably should know would cause others to inflict the constitutional injury.'" Id.

15   (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The critical question is whether it

16   was reasonably foreseeable that the actions of the particular . . . defendants would lead to the rights

17   violations alleged to have occurred . . . ." Id.

18          While Plaintiff claims that his legal materials were lost, he fails to set forth factual allegations

19   to link any individual to the loss of the documents or any inability to pursue qualifying litigation to

20   state a claim under the First Amendment. While Plaintiff attempts to allege a claim against each

21   individual who he requested documents from or who processed his appeals, the complaint fails to

22   show a causal connection between his request and the constitutional violation alleged.

23   **C.    First Amendment**

24          **1.    Access to the Court**

25          Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

26   U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the

27   right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal

28   appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the

1    plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536

2    U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

3         Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff

4    to respond to his appeals or based on the rejection of his appeals by staff.  Plaintiff does not have a

5    constitutionally protected right to have his appeals accepted or processed.  Ramirez v. Galaza, 334

6    F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

7         There are "two types of access to the court claims: those involving prisoners' right to

8    affirmative assistance and those involving prisoners' rights to litigate without active interference."

9    Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011).  Where an action is asserting a backward

10   looking denial of access claim the plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable'

11   underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded

12   as recompense but that is not otherwise available in a future suit."  Phillips v. Hurst, 477 F.3d 1070,

13   1076 (9th Cir. 2007) overruled on other grounds by Hurst v. Phillips, 129 S. Ct. 1036 (2009).  The

14   nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the

15   complaint sufficient to give fair notice to the defendant."  Christopher v. Harbury, 536 U.S. 403, 415

16   (2002).

17        Plaintiff has not alleged facts sufficient to show the loss of a "nonfrivolous" or "arguable"

18   underlying claim, Phillips, 477 F.3d at 1076, and fails to state a cognizable claim.

19                **2.      Mail**

20        While prisoner's have a right under the First Amendment to send and receive mail, Witherow

21   v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), prison officials may examine a prisoner's mail

22   without infringing upon his constitutional rights, United States v. Wilson, 447 F.2d 1, 8 n.4 (9th Cir.

23   1971).  Plaintiff alleges that two letters to attorneys, correspondence with the district court, and a

24   letter from the attorney general were opened outside his presence, however he fails to allege facts

25   to indicate that the envelopes were marked in a manner that would identify them as legal mail.  Since

26   Plaintiff has failed to allege facts sufficient to establish that the letters were marked in a manner to

27   identify them as legal mail, he fails to state a cognizable claim.  See Stevenson v. Koskey, 877 F.2d

28   1435, 1441 (9th Cir. 1989) (stating that an inadvertent opening of an inmate's legal mail constitutes

1  mere negligence and does not rise to the level of a constitutional rights violation cognizable under

2  section 1983).  Additionally, Plaintiff fails to link any named defendant to the act of opening his

3  mail.  Iqbal, 129 S. Ct. at 1948.

4       The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious

5  defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d

6  1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).  *See also* Fifty Associates v. Prudential Ins.

7  Co., 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general rule, the use of 'John Doe' to identify a

8  defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a

9  plaintiff must be afforded an opportunity to identify the unknown defendants through discovery,

10  unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for

11  other reasons.  Ibid.  "While Doe pleading is disfavored, it is not prohibited in federal practice."

12  Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).  If the identify of a defendant is

13  unknown Plaintiff may use Doe to identify the defendant, but must state facts to indicate what the

14  defendant did to violate Plaintiff's rights.  Plaintiff's mere allegation that someone opened his mail

15  is insufficient to state a cognizable claim.

16       **D.**     **Failure to Train**

17       The "failure to train an employee who has caused a constitutional violation can be the basis

18  for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of

19  persons with whom the employee comes into contact."  Long v. County of Los Angeles, 442 F.3d

20  1178, 1186 (9th Cir. 2006)*;* see City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197,

21  1204 (1989).  The failure to train must be the moving force behind the constitutional violation.

22  Canton, 489 U.S. at 391, 109 S. Ct. at 1206.  Plaintiff 's claim fails as he has not alleged a

23  cognizable claim for a violation of his constitutional rights.

24       Plaintiff's conclusory statements that supervisory defendants failed to train and supervise are

25  insufficient to state a cognizable claim.  Iqbal, 129 S. Ct. at 1949.  Government officials may not be

26  held liable for the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129

27  S. Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability

28  for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through

1  his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983,

2  Plaintiff must link each named defendant with some affirmative act or omission that demonstrates

3  a violation of Plaintiff's federal rights.

4      Additionally, Plaintiff may not bring suit against Defendants in their official capacity. "The

5  Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and

6  state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144,

7  1147 (9th Cir. 2007).

8      **E.      Declaratory Relief**

9      In addition to money damages, Plaintiff seeks declaratory relief regarding the respective

10  rights and duties of the parties. "A declaratory judgment, like other forms of equitable relief, should

11  be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples

12  Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when

13  it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor

14  terminate the proceedings and afford relief from the uncertainty and controversy faced by the

15  parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this

16  action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding

17  that Plaintiff's constitutional rights were violated. Accordingly, a declaration regarding the rights

18  and duties of the parties is unnecessary.

19      **F.      Injunctive Relief**

20      Plaintiff seeks a writ of mandate pursuant to California Civil Code Section 1085, requiring

21  Defendants to return his property or pay the cost of replacing his legal documents. Plaintiff's claim

22  for a writ of mandate is exclusively a state law remedy, and district courts routinely deny

23  supplemental jurisdiction over claims seeking a writ of mandate under section 1085. See Mory v.

24  City of Chula Vista, No. 10-cv-252 JLS (WVG), 2011 WL 777914, *2 (Mar. 1, 2011). Therefore,

25  Plaintiff's claim for a writ of mandate shall be construed as a claim for injunctive relief. Plaintiff

26  also seeks injunctive relief regarding the processing of inmate property in the administrative

27  segregation unit at KVSP.

28      The Prison Litigation Reform Act places limitations on injunctive relief.   Section

1  3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison

2  conditions shall extend no further than necessary to correct the violation of the Federal right of a

3  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

4  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

5  violation of the Federal right, and is the least intrusive means necessary to correct the violation of

6  the Federal right."  18 U.S.C. § 3626(a)(1)(A).

7  　　　Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison

8  where he is incarcerated, his claims for such relief become moot when he is no longer subjected to

9  those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365,

10  1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Since Plaintiff is no

11  longer incarcerated at KVSP, the injunctive relief he is seeking regarding the handling of inmate

12  property at KVSP is moot.

13  **G.　　Rule 18**

14  　　　Plaintiff is attempting to bring claims against officials at several different prisons that are

15  unrelated.  Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the Federal

16  Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim

17  may join, as independent or alternate claims, as many claims as it has against an opposing party."

18  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against

19  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

20  against different defendants belong in different suits, not only to prevent the sort of morass [a

21  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

22  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals

23  that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George

24  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with a

25  "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with

26  Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated

27  claims.

28  ///

1    **H.      Amended Complaint**

2          The Court advises Plaintiff of the following requirements under the Federal Rules of Civil

3    Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a

4    short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of

5    Civil Procedure 8(a)(2). Plaintiff's complaint is neither short nor plain. Plaintiff's complaint is 43

6    pages long and contains multiple unrelated incidents that occurred at different prisons.

7          "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure

8    8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as

9    practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim

10   founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule

11   of Civil Procedure 10(b).

12         Given that Plaintiff must comply with Rule 18(a), twenty-five pages is more than sufficient

13   for Plaintiff to identify his claims and set forth specific facts in support of those claims. The function

14   of the complaint is not to list every single fact relating to Plaintiff's claims. Accordingly, if Plaintiff

15   chooses to amend the complaint, the amended complaint may not exceed twenty-five pages in length,

16   and it will be stricken from the record if it violates this page limitation.

17   **IV.     Conclusion and Order**

18         For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

19   a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within

20   thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the

21   nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507

22   F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

23         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

24   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

25   Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

26   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

27   caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although

28   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

10

1 speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

2      Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

3 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

4 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

5 causes of action alleged in an original complaint which are not alleged in an amended complaint are

6 waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

7 Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

8      Based on the foregoing, it is HEREBY ORDERED that:

9     1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

10     2.    Plaintiff's complaint, filed November 8, 2010, is dismissed for failure to state a claim

11        upon which relief may be granted under section 1983;

12     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

13        amended complaint;

14     4.    Plaintiff's amended complaint shall not exceed twenty five (25) pages in length; and

15     5.    If Plaintiff fails to file an amended complaint in compliance with this order, this

16        action will be dismissed, with prejudice, for failure to state a claim.

17    IT IS SO ORDERED.

18 **Dated:**   **January 19, 2012**      /s/ **Barbara A. McAuliffe**
                                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28