# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON WYNN, | CASE NO. 1:10-cv–02069-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| A. HEDGPETH, et al., | OBJECTIONS DUE WITHIN THIRTY DAYS |
| Defendants. | |

## I.   Screening Requirement

Plaintiff Nelson Wynn is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 20, 2012, an order issued dismissing Plaintiff's complaint, with leave to amend, for failure to state a claim. (ECF No. 11.) Currently before the Court is the first amended complaint, filed February 17, 2012. (ECF No. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
2  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
3  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
4  544, 555, 127 S. Ct. 1955 (2007)).

5      Under section 1983, Plaintiff must demonstrate that each defendant personally participated
6  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
7  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
8  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
9  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
10 between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
11 Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
12 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
13 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
14 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

15 **II.    Complaint Allegations**

16     Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
17 is incarcerated at the California Institution for Men, Chino. Plaintiff alleges that, while he was
18 housed at Kern Valley State Prison, Defendants Gebremedhin and Meza packed his belongings when
19 Plaintiff was placed in Administrative Segregation. Defendants Clark and Becerra were responsible
20 for storing Plaintiff's belongings, and Defendant Esparza was in charge of distributing legal property
21 to inmates housed in Administrative Segregation. Plaintiff received some of his property from
22 Defendant Becerra and another inmate's property was mixed in with his property. Approximately
23 6,000 pages of Plaintiff's legal documents, files on his criminal case, and other property were lost.
24 Defendant Becerra admitted that Plaintiff's property may have been mixed up with another inmate's
25 property.

26     Plaintiff states that he has an active habeas case, 5:08-cv-01793 CAS (CW), that he is

27
28

litigating.[1] Due to the loss of the legal property, Plaintiff will not be able to effectively challenge his criminal conviction. Specifically, a log sheet from Grace Garden School showing that Plaintiff was picking up his daughter at the time he was alleged to have committed his crime was lost. To Plaintiff's knowledge, this was the only copy of the log in sheet and is crucial to his claim that he is factually innocent of the crimes he has been convicted of committing.

Plaintiff seeks the return of or the replacement value of his property and damages of $25,000. For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

### III.  Discussion

#### A.  Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. Actual injury occurs when an inmate is actually denied access to the court. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989) overruled on other grounds by Lewis, 581 U.S. at 351.

There are two types of access to the court claims, those involving the prisoner's right to assistance and those involving the prisoner's right to litigate without active interference.[2] Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011). Where the claim does not involve a denial of adequate law libraries or assistance from persons trained in the law, the plaintiff must allege "actual injury" to court access. Id. While Plaintiff's claim that his legal documents have been lost might support a

---

[1] The Court takes judicial notice of Wynn v. Hedgpeth, 5:08-cv-01793-CAS-CW (C.D.Cal.). This action was filed on December 8, 2008, and currently Plaintiff's motion for a stay to exhaust his state court remedies on new claims is pending before the court.

[2] To the extent that Plaintiff's claim could be could be construed as a denial of access claim based on his inability to access legal materials, "[f]ailure to show that a 'nonfrivolous claim had been frustrated' is fatal" to a denial of access to legal materials claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008). Even a claim based upon denial of access to legal materials requires actual injury to qualifying litigation. Lewis v. Casey, 581 U.S. 343, 351-352 (1996).

3

claim that Plaintiff is being hindered from pursuing his habeas petition, it does not show that the outcome of the litigation has been affected as a result of the defendants' actions. Additionally, Plaintiff's claim that his legal paperwork may have been mixed up with another inmate's property is insufficient to allege active interference by prison officials. Therefore, Plaintiff has not demonstrated that he has suffered actual injury with respect to the underlying litigation which is a required element of his access to the court claim. Harbury, 536 U.S. at 415; Phillips v. Hurst, 477 F.3d 1070, 1076 (9th Cir. 2007) overruled on other grounds by 555 U.S. 1150, 129 S. Ct. 1036 (2009). Plaintiff has failed to state a cognizable claim for access to the courts. However, since Plaintiff's habeas claim is still active, the Court finds that Plaintiff may be able to state a claim at a later date and, therefore, this claim should be dismissed without prejudice.

**B.     Due Process**

The procedural guarantees of the Due Process Clause only apply to deprivations of property or liberty protected by the Fourteenth Amendment. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

Plaintiff alleges that his property was lost after he was placed in Administrative Segregation. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim for the loss of his property.

**IV.    Conclusion and Recommendations**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez

v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's access to the court claim be dismissed, without prejudice;

2. Plaintiff's due process claim be dismissed, with prejudice; and

3. This action be dismissed in its entirety for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  March 6, 2012**         /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE